UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ROBERT ACKEN, )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>MARTY LASLEY, *et al.*, )<br>    *Defendants*. ) | No. 1:22-cv-00033-TAV-CHS |

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff Robert Acken, *pro se*, is proceeding *in forma pauperis* [Doc. 8]. This Court is responsible for screening all actions filed by plaintiffs proceeding *in forma pauperis* status and for dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Further, even though the statute of limitations defense is an affirmative defense, if it appears on the face of the complaint that a claim is time-barred, the court may dismiss that claim pursuant to its review under Section 1915. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### II. Standard of Review

The standard required by §1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*); *Bell Atlantic Corp. v. Twombly*, 550 U.S 544,

555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555.) However, a court is not required to accept legal conclusions without a factual basis when reviewing a complaint to determine if it states a claim for which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Further, the complaint must state "a plausible claim." *Iqbal*, 556 U.S. 662 (2009). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. Discussion

Plaintiff has sued twelve individuals for various alleged and unspecified constitutional violations. Plaintiff also states that Defendants engaged in a conspiracy to violate his constitutional rights in violation of 18 U.S.C. § 241; intimidated witnesses in violation of 18 U.S.C. § 1512; and obstructed justice in violation of 18 U.S.C. § 503. [Complaint at Page ID # 16].

With respect to Plaintiff's claim under 18 U.S.C. § 503, the Court notes that section 503 relates to counterfeiting or forging postage stamp marks. The Court surmises—but cannot be certain—that Plaintiff intended to reference 18 U.S.C. § 1505, "Obstruction of proceedings before departments, agencies, and committees." In any event, all of these referenced statutes are criminal statutes and do not give rise to a private cause of action. *See e.g., Davis v. Sarles,* D.D.C.2015, 134 F.Supp.3d 223, 228 (D.D.C. 2015) (addressing 18 U.S.C. § 241); *Shahin v. Darling*, 606 F.Supp.2d 525, 538 (D. Del. 2009) (addressing 18 U.S.C. § 1512); *de Pacheco v. Martinez*, 515 F.Supp.2d 773, 787 (S.D. Tex. 2007) (addressing 18 U.S.C. § 1505). Thus Plaintiff cannot state a claim under these statutes.

Plaintiff's remaining claims are predicated on alleged violations of the United States Constitution which the Court will treat as claims brought under 42 U.S.C. § 1983. By way of damages, Plaintiff seeks $500,000 from each Defendant. Section 1983 provides the vehicle by which a person may recover monetary damages for a violation of rights secured by the United States Constitution. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Though Plaintiff does not invoke Section 1983 or any other federal statute, other than the criminal statutes previously discussed, the Court will liberally construe this as an action brought under Section 1983. In a Section 1983 action, the Court applies the statute of limitations for a personal injury action under the law of the state in which the claim arises. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, that period is one year. T.C.A. § 28-3-104(a); *Eidson*, 510 F.3d at 634-35. Plaintiff filed this action on February 7, 2022.

There are numerous deficiencies in this complaint. This report and recommendation is not intended to be a comprehensive list of all such deficiencies. The Court will recommend this action be dismissed and will discuss the complaint's deficiencies only as needed to make this recommendation. The Court will address the claims against each individual separately.

A.  **Marty Lasley**

The gravamen of Plaintiff's complaint seems to center around court proceedings in the city court of Soddy Daisy, Tennessee, over which Judge Marty Lasley presided. Plaintiff was before that court because he received a citation or citations for driving a scooter without a license and did not have proof of financial responsibility. [*Id*. at Page ID # 17]. According to Plaintiff, Judge Lasley was wrong in October 2019 that he did not need a license or proof of financial responsibility for his scooter, and, as a result, he was later cited again (January 2020) for those same reasons. Plaintiff alleges that Judge Lasley is therefore a "Trespasser of Rights" because he trespassed

against Plaintiff's rights; Judge Lasley "obstructed justice"; and Judge Lasley committed "treason" against the City of Soddy Daisy. [*Id*. at Page ID # 17, 18, 24].

The claims against Judge Lasley arising from his decisions and rulings in the Soddy Daisy City Court were made in the performance of his duties as a judicial officer. Consequently, they should be dismissed because they are legally frivolous and seek monetary relief from a defendant immune from such relief. Judge Lasley is entitled to "absolute judicial immunity from suits for money damages for all actions taken in [his] judicial capacity…." *Busch v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions.") (citation omitted).

Plaintiff also alleges that Judge Lasley violated the Code of Judicial Ethics by sending him a Facebook request. This Court, however, does not review a judge's conduct to determine if he or she violated the Judicial Code of Conduct and, in any event, Plaintiff has attached to his complaint a letter from the Board of Judicial Conduct for the State of Tennessee stating no action is warranted against Judge Lasley. [*Id*. at Page ID # 41]. This claim is legally frivolous.

### B. Sam Elliot

Sam Elliot is the Soddy Daisy City Attorney. [*Id*. at Page ID # 19-20, 38]. Plaintiff alleges that Mr. Elliot would not speak to him or return his calls and, therefore, failed to fulfill his duty as city attorney in 2019 and 2020. This claim is time-barred. Further, the Court is unaware of any constitutional duty a city attorney has to return a citizen's phone call or how his refusal to return a phone call, without more, gives rise to a cause of action. This claim is frivolous.

### C. Lena Curtis

It appears that Lena Curtis is the Clerk of Court for the Soddy Daisy City Court. Plaintiff alleges she issued "suspicious and outdated" court documents, and that she refused four times to provide him with court documents about his case thereby obstructing justice and violating his due process rights. [*Id*. at Page ID # 19]. The general time frame for the alleged actions giving rise to this complaint took place in 2019 and 2020. Thus, Plaintiffs claims against Lena Curtis are time-barred.

### D. Larry Ables

Plaintiff alleges that in October 2020, Larry Ables acted as the Hamilton County Assistant District Attorney "at which point he became a Trespasser of Law, by assisting/aiding a Trespasser of Law to conceal his (Marty Lasley) civil and Constitutional violations against me." [*Id*. at Page ID # 20]. These are conclusory allegations which fail to state a claim for relief and are time-barred.

### E. Gene Shipley

Plaintiff alleges that Gene Shipley is a person who told the manager of the mobile park where he lives that he (Plaintiff) would be trouble. [*Id*. at 21]. There are no allegations that Mr. Shipley is a state actor—which is a requirement for a Section 1983 claim. Thus, any claim brought under Section 1983 cannot prevail. *See Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000); *Baker v. Hadley*, 167 F.3d 1014, 1017 (6th Cir. 1999). Further, this claim is time-barred.

### F. Bert Johnson, Robert Cothran, Janice Cagle, and Richard Nunley

Although named in the complaint, Plaintiff made no factual allegations against Bert Johnson, Robert Cothran, Janie Cagle, or Richard Nunley. Plaintiff fails to state a claim against these individuals.

### G. Steve Everett

Plaintiff alleges the Steve Everett is a local commissioner who ignored his complaints of mistreatment. [*Id*. at 21]. The time frame of events alleged in this complaint are 2019-2020. This bare-bones allegation fails to state a claim for which relief can be granted, and it is time-barred.

### H. Garrett Bull

Plaintiff alleges that Garrett Bull is a police officer who harassed him in July 2019 by stopping him as he pushed his scooter along the road without wearing a helmet. Plaintiff also alleges that Bull knew Judge Lasley was wrong about Plaintiff not needing a license to drive a scooter; that Bull failed to correct Judge Lasley; and, as a result, Bull also violated his constitutional rights. These claims are time-barred. Further, the Court is unaware of any duty a police officer has under the United States Constitution to correct a judge in Court when the officer believes the judge has misstated the law.

### I. Jeff Gann

Plaintiff alleges that Jeff Gann, Chief of Police in January 2020, "participated in and engaged in full Police department intimidation inside the Soddy Daisy city courthouse on January 7, 2020" and thereby violated his constitutional rights. [*Id*. at Page ID # 22]. Plaintiff provides no specifics regarding this allegation. This conclusory allegation fails to state a claim for which relief can be granted. It is also time-barred.

IV.   Conclusion

For the reasons stated herein, it is **RECOMMENDED**[1] that this action be **DISMISSED** without prejudice for failure to state a claim and because it is frivolous.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).